IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| VEOLA WILLIAMS, | ) | |
|---|---|---|
| | ) | C/A No. 4:08-CV-1837-TLW-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Veola Williams, brought a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. #36). Plaintiff seeks attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act under Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993). Plaintiff asserts that Defendant's position in this litigation was not substantially justified and that no special circumstances make an award of fees unjust. Defendant filed a response on December 4, 2009, indicating that he contends that Plaintiff's request for attorney fees should be denied because the government's position was substantially justified. (Doc. # 37). Plaintiff filed a Reply on December 13, 2009. (Doc. # 38).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). Upon recommendation of the Honorable Thomas E. Rogers, III, United States Magistrate Judge, this Court reversed the Commissioner's decision pursuant to 42 U.S.C. 405(g), and remanded the case to the Commissioner for further administrative proceedings. While the reversal of an agency decision for lack of substantial evidence does not raise a presumption that the agency was not substantially justified, this court believes on the record before it that an award of attorney's fees is appropriate.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the court overrules the defendant's response opposing the plaintiff's motion for attorney's fees. The court so orders the defendant to pay plaintiff the sum of $5,719.70 in attorney fees, as requested by plaintiff's counsel.

**IT IS SO ORDERED**.

    s/ Terry L. Wooten
Terry L. Wooten
United States District Judge

April 2, 2010
Florence, South Carolina